**WEAVER, In Re**

Ohio Probate Court, Tuscarawas Co

Decided Dec 20, 1934

T. M. Walter, New Philadelphia, for proponents.

## OPINION

By LAMNECK, J.

Noah Weaver died on March 8, 1930, and his wife, Mary Weaver, died on November 27. 1934. Mary Weaver died testate and her will executed on July 16, 1934 has been admitted to probate. On January 16, 1924, the aforesaid Noah Weaver and his wife Mary Weaver executed an instrument purporting to be a joint will. On December 5, 1934, an application was filed in this court to admit said instrument to probate as the will of Noah Weaver, deceased. Said instrument reads as follows:

Know all men by these presents:

That we Noah Weaver and Mary Weaver husband and wife of the town of Sugarcreek, County of Tuscarawas and State of Ohio.

Being about 55 and 46 years of age respectively and being in reasonable health and of sound and disposing mind and memory, and under no restraint:—

And having and owning jointly and in common all moneys, notes, stocks, bonds and other securities, household goods and all other chattel property of whatever kind we may have in equal shares:

Therefore we do make, publish and declare this our last will and testament, hereby revoking and annuling all wills by us or either of us made heretofore:

First: Our will is, that all our just debts and funeral expenses be paid out of our estate, by the surviving one, or the executor as soon after our decease as it be convenient.

Second: I, Noah Weaver, being the owner of our home in Sugar Creek, Ohio, and a tract of land of about 5 acres adjoining, do hereby devise and bequeath the said home and land to my wife Mary Weaver, for her use as long as she may live.

Third: It is our will and the will of each of us that at the death of one of us, the one surviving shall have all of our chattel property such as money, bonds, notes, household goods and all we own jointly and in common as heretofore stated, to use and to have the same for his or her convenience, and care and maintenance, and for the care and upkeep of the home, as long as he or she may live.

Fourth: At the death of the last surviving one of us, we give and bequeath to Fern Gardner, Grace Franks and Bernetha Weaver, three girls whom we raised, the following legacies out of our estate, viz: To Fern Gardner, One Thousand Dollars ($1000), to Grace Franks, One Thousand Dollars ($1000) and to Bernetha Weaver Fifteen Hundred Dollars ($1500.00) the said legacies to be given to each of them personally, if living, if any of them are not living at our death, then the said legacy for the one to remain in our estate and be distributed as hereinafter set forth.

Fifth: After all debts and obligations are paid and legacies given, and other provisions as herein set forth are carried out, whatever be and remain in our estate, we give and bequeath to Mary Edith Weaver, an adopted daughter of curs.

Sixth: It is further our will, that the executor of our estate shall have a monument of granite placed on our burial lot and markers at our graves, of about the value of $500.00.

In testimony whereof we have set our hands to this our last will and testament at Sugar Creek, Ohio this 16th day of January in the year A. D. 1924.

Noah Weaver
Mary Weaver.

This joint instrument attempts to do three things:

First: It undertakes to give to the survivor of the testators a life estate in the other's property. Such a provision in a joint will has been sustained by substantially all of the authorities in Ohio.

Second: It undertakes after the death of both to give the following bequests payable out of joint property:

| Fern Gardner | $1,000.00 |
| Grace Franks | 1,000.00 |
| Bernetha Weaver | 1,500.00 |

Since Mary Weaver executed a subsequent will admitted to probate, this provision is inoperative so far as paying any portion thereof out of her estate is concerned because the right of one testator to revoke a joint will is unquestioned if not made in pursuance of contract. (Page on Wills, §88).

Third: It undertakes to give the resi-

due of both estates to Mary Edith Weaver, an adopted daughter.

One of the important incidents to the ownership of property is the right to dispose of the same by will, and whenever possible courts should maintain this right. This instrument clearly expresses the intention of the testators and if the instrument could be probated as the will of Mary Weaver, the court would be inclined to admit the same as the separate will of Noah Weaver, because the intention of both could be carried into effect without any serious confusion of the property of each.

But it is impossible under this instrument to determine what proportion of the legacies to Fern Gardner, Grace Franks and Bernetha Weaver should be paid out of the estate of Noah Weaver. It can not be arbitrarily fixed because that would seriously affect the share of Mary Edith Weaver under the residuary clause.

A joint will is legal when the bequests are severable and the will in effect is the will of each of the makers, revocable by each and subject to probate as the separate will of each maker. (**Betts v Harper, 39 Oh St 639**). If there is provision for the payment of legacies, which would have to be paid from a fund to be derived from the property of both without designating the proportion in which such legacies should be paid from the property of each testator, then such a will is void. (**Ballard v Ballard, 5 Oh Ap 469**).

This instrument will, therefore, be refused admittance to probate as the will of Noah Weaver, deceased.